UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LLOYD A. RICHARD                                               CIVIL ACTION

VERSUS                                                         NO. 08-1399

SHERIFF WILLY J. MARTIN, JR., ET AL.                           SECTION "I" (2)

## ORDER ON MOTIONS

APPEARANCES:   None (on the briefs)

MOTIONS:       (1)  Plaintiff's "Motion Asking the Court to Enter Default of Judgement Against Defendant," Record Doc. No. 97
               (2)  Plaintiff's "Motion Asking the Court to Provide Defendant and Petitioner With Copies," Record Doc. No. 98
               (3)  Plaintiff's "Motion for Order and Reconsideration to be Brought to Outside Doctor for Mental, Physical Examination," Record Doc. No. 99
               (4)  Plaintiff's "Motion for Written Interrogatories," Record Doc. No. 100
               (5)  Plaintiff's "Motion for Production of Document, and Discovery, on Ground of a Right to a Fair Hearing or Trial, Appointment of Counsel," Record Doc. No. 101

O R D E R E D:

 (1) : DENIED.  Because the only remaining defendants, Officer Steib and Corporal Wallace, previously filed an answer in this case, Record Doc. No. 27, defendants are not in default.

 (2) : DENIED.  It is plaintiff's responsibility both to retain copies of what he sends to the court and, as plaintiff has previously been instructed, Record Doc. No. 93, to send a copy of everything he submits to the court to defense counsel and to include on all submissions a certificate of such service. Fed. R. Civ. P. 5(a) and (b); Local Rule 5.3.

 (3) : DENIED. This motion seeks an order requiring that plaintiff be examined by an "outside doctor." It is governed by Fed. R. Civ. P. 35(a), which provides in pertinent part: "The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order may be made only on motion for good cause

. . . and must specify the time, place, manner, conditions and scope of the examination, as well as the person or persons who will perform it."

None of the essential requirements of Rule 35(a) are satisfied in this instance. A single claim under the First Amendment for retaliation by two defendants for filing grievances remains in this case upon remand from the Fifth Circuit. All of plaintiff's medical care claims have been dismissed, and dismissal of those claims was affirmed by the Fifth Circuit. Record Doc. No. 88. Plaintiff's physical or mental condition is not in controversy as to the single remaining claim, and good cause for a Rule 35 examination has not been shown.

 (4), (5) : DENIED. These motions are denied to the extent that they may seek leave of court to submit interrogatories and requests for production to the remaining defendants. Such discovery requests must merely be sent directly by plaintiff to defense counsel, and leave of court is not required. To whatever extent, if any, that the motions are intended to be motions to compel discovery responses, they are denied as premature. Defendants' written responses, if they have been properly served upon defense counsel, are not yet due. Fed. R. Civ. P. 33(b)(2) and (34(b)(2)(A).  A motion to compel a court order is premature.

Record Doc. No. 101 contains another request by plaintiff for appointment of counsel. As set out in the  previous orders of the various judges who have now reviewed this request, Record Doc. Nos. 22, 63 and 88, "[a] district court should appoint counsel in a civil rights case only if presented with exceptional circumstances."  Norton v. E.U. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997).  Having also considered the factors suggested in Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982), **IT IS ORDERED** that plaintiff's motion for appointment of counsel is again DENIED. No exceptional circumstances exist in this case. I again find that the case is not complex and that plaintiff is capable of adequately presenting it.  As a direct participant in the events that allegedly formed the basis of his complaint, he has been in a position adequate to investigate the case.  It appears that the evidence that may be presented is simple and will require no particular skill in its presentation. Appointment of counsel is unwarranted in the circumstances presented by what remains of this case.

New Orleans, Louisiana, this   3rd   day of December, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

2