UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LLOYD A. RICHARD                                                CIVIL ACTION

VERSUS                                                          NO. 08-1399

SHERIFF WILLY J. MARTIN, JR., ET AL.                            SECTION "I" (2)

## REPORT AND RECOMMENDATION

This is a prisoner's civil rights suit for damages pursuant to 42 U.S.C. § 1983, filed pro se and in forma pauperis. Plaintiff Lloyd A. Richard initially asserted a variety of claims against numerous defendants. This court dismissed all of plaintiff's claims with prejudice, and plaintiff appealed. On July 27, 2010, the United States Court of Appeals for the Fifth Circuit affirmed this court's dismissal of plaintiff's complaint, with the exception of a single claim against two defendants; specifically, that defendants Hank Steib and Osborne Wallace retaliated against plaintiff by placing him in solitary confinement for about 13 hours on April 16-17, 2008 in response to plaintiff's filing of a grievance/complaint about his medical care. Record Doc. No. 88. The Fifth Circuit remanded the case to this court for further proceedings concerning that claim only, and further proceedings, including a trial/evidentiary hearing pursuant to 28 U.S.C. §636(b), have been scheduled before me.

Defendants' motion for summary judgment is now pending. Record Doc. No. 107. Plaintiff was granted an extension of time through and including December 31, 2010,

within which to file a written response, but he has not done so. Record Doc. No. 110. Having considered the motion papers, the record as a whole and the applicable law, I recommend that the motion be DENIED for the following reasons.

## ANALYSIS

I.   STANDARDS OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but it is not required to negate elements of the nonmoving party's case. Capitol Indem. Corp. v. United States, 452 F.3d 428, 430 (5th Cir. 2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). No genuine issue of material fact exists if a rational trier of fact could not find for the nonmoving party based on the evidence presented. National Ass'n of Gov't Employees v. City Pub. Serv. Bd., 40 F.3d 698, 712 (5th Cir. 1994).

To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must come forward with evidence to support all essential elements of his claim. Id. (citing Celotex, 477 U.S. at 321-23). "[A] complete failure of

proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." Celotex, 477 U.S. at 323; accord Capitol Indem. Corp., 452 F.3d at 430.

"Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." Edwards v. Your Credit, Inc., 148 F.3d 427, 432 (5th Cir. 1998); accord Murray v. Earle, 405 F.3d 278, 284 (5th Cir. 2005). "We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Badon v. R J R Nabisco Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quotation omitted) (emphasis in original). "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'" National Ass'n of Gov't Employees, 40 F.3d at 713 (quoting Anderson, 477 U.S. at 249).

"Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation omitted) (emphasis in original); accord Duron v. Albertson's LLC, 560 F.3d 288, 291 (5th Cir. 2009).

II.   THE MOTION

Defendants' motion makes three arguments in support of summary judgment. The first is a purely legal argument that plaintiff "has not shown a loss of protected liberty interests." Record Doc. No. 107-1 at p. 4 of 14.  Specifically, defendants argue that the Fifth and Fourteenth Amendment Due Process and Eighth Amendment legal standards applicable to hearings in connection with prison disciplinary actions, conditions of confinement and medical care preclude plaintiff's recovery in this case as a matter of law. I find that these arguments are entirely irrelevant to what remains of this case and cannot serve as the basis for granting summary judgment in defendants' favor.

As noted above, all of plaintiff's claims in this case have been dismissed and dismissal has been affirmed by the Fifth Circuit, except as to a single legal claim. The sole remaining claim of retaliation concerns the exercise of First Amendment rights. Prison officials may not retaliate against a prisoner for exercising his First Amendment rights of access to the courts or to complain through proper channels about a guard's misconduct through the grievance process. Morris v. Powell, 449 F.3d 682, 684 (5th Cir. 2006); Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995). As the Fifth Circuit has already held in this case, plaintiff's allegations, which include his sworn testimony provided to the court on July 10, 2008, Record Doc. No. 42, "are sufficient to show [the essential elements of this First Amendment claim], causation, a chronology of events from which retaliatory motive can plausibly be inferred, and a more than de minimis

4

retaliatory adverse act. . . . although further evidence may demonstrate that the retaliatory-solitary confinement claim is meritless. . . ." Record Doc. No. 88 at p. 5 of 5.

The single remaining claim against the two lone remaining defendants is a First Amendment claim. Defendants have submitted no further evidence concerning their alleged retaliatory motive or adverse act under the First Amendment standard, and the only record evidence at this time is plaintiff's testimony. The Due Process legal standard, arising from the Fifth and Fourteenth Amendments, and the Eighth Amendment standard upon which defendants base their first argument are inapplicable to plaintiff's First Amendment claim. Thus, it cannot be concluded that defendants are "entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a), based upon inapplicable legal standards, especially when the motion is unsupported by any evidence from defendants concerning either their alleged retaliatory motive or the de minimis nature of the alleged retaliatory adverse act. Summary judgment in defendants' favor based upon their first argument is not warranted.

Similarly, defendants' third argument, that "Sheriff Martin cannot be found liable in the instant matter," Record Doc. No. 107-1 at p. 9-11, is wholly irrelevant. Sheriff Martin has already been dismissed with prejudice, and his dismissal has been affirmed by the Fifth Circuit. A single retaliation claim against two defendants, neither of whom is Sheriff Martin, is all that remains of this case. Defendants' third argument cannot support summary judgment in their favor.

Defendants' second argument, that "Plaintiff did not exhaust his administrative remedies," Record Doc. No. 107-1 at pp. 6-9 of 14, merits some further evaluation. In the Prison Litigation Reform Act of 1996 ("PLRA"), Congress revised the pre-lawsuit exhaustion provision to <u>require</u> that a prisoner <u>complete</u> an available prison ARP before filing a Section 1983 suit and to eliminate the district court's discretion to permit a suit to proceed without exhaustion. <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002) (citing the Civil Rights of Institutionalized Persons Act, 94 Stat. 352, as amended, 42 U.S.C. § 1997(e)). In short, 42 U.S.C. § 1997(e)(a) now <u>mandates</u> exhaustion of administrative remedies, stating that "<u>no</u> action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility <u>until such administrative remedies as are available are exhausted</u>." 42 U.S.C. § 1997(e)(a) (emphasis added).

In <u>Clifford v. Gibbs</u>, 298 F.3d 328, 329 (5th Cir. 2002), the Fifth Circuit reiterated the Supreme Court's finding that the "exhaustion requirement applies to <u>all</u> inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." <u>Id.</u> (citing <u>Porter</u>, 534 U.S. at 992) (emphasis added).

In support of this argument in defendants' motion, Warden Faron Scioneaux's affidavit states that an administrative remedy procedure ("ARP") was in effect at the St. James Parish Prison at the relevant time and that "Lloyd Richard did not ever submit an

6

ARP related to his temporarily being placed in a holding cell on April 16, 2008." Record Doc. No. 107-4 at ¶'s 3 and 4.

Although plaintiff filed no written response to defendants' motion, plaintiff's testimony, provided on July 10, 2008, pursuant to <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985), and its progeny, and his other submissions already in the record are properly considered in opposition to the motion. Fed. R. Civ. P. 56(c)(3)(as amended, effective December 1, 2010). Throughout his written submissions, Richard asserts that he initiated and then attempted to complete the ARP process at the jail, but that various officers either refused to provide him with the proper forms or refused to take ARP grievances he did file to the next level of administrative review. <u>See, e.g.</u>, Record Doc. No. 18 at p.2 of 13 at ¶ 4, p. 6 of 13 at ¶'s 6-10 and pp. 10-12 of 13; No. 1-3 p. 9 of 13; No. 13 at pp. 1, 2 and 4 of 7; No. 24 at ¶'s II and IV(7); and No. 1-3 at p.6. As to his attempts to exhaust the ARP at the jail, Richard testified during the <u>Spears</u> hearing on July 10, 2008, Record Doc. No. 42, that he asked Steib to bring an ARP grievance "to the next level," but he did not do so. He testified that another deputy, Scott, was reading it, but then Richard was taken to solitary confinement. Richard further testified that Steib submitted a grievance form to Scott, but later brought it back to Richard saying that it would not be accepted. Thus, he testified that Steib "didn't want to allow me to process the administrative remedy." Although Richard conceded that this particular ARP grievance concerned his medical care, his testimony as a whole may be the basis for an inference

that he attempted to file later grievances but was frustrated by the lack of response from jail officials, including that neither Warden Scioneaux or Sheriff Martin responded to his later grievances.

It appears from Richard's testimony and written submissions that genuine issues of material fact requiring trial and precluding summary judgment remain in dispute as to the question of whether Richard exhausted the available ARP at the jail concerning his retaliation-solitary confinement claim. Richard's testimony and written submissions throughout the record aver that he attempted to pursue ARP grievances. Whether his ARP attempts did or did not include his retaliation-solitary confinement claim cannot be established on the current record as an undisputed matter for summary judgment purposes. In addition, Richard appears to have testified that his attempts to use the ARP were frustrated and prevented by defendants' actions. Whether his testimony in this regard is credible can only be resolved at trial. Under these circumstances, I recommend that defendants' motion for summary judgment be denied and that what remains of this case should proceed to trial/evidentiary hearing pursuant to 28 U.S.C. § 636(b), as currently scheduled before me on January 20, 2011.

## **RECOMMENDATION**

For all of the foregoing reasons, it is **RECOMMENDED** that defendants' motion for summary judgment be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this ___3rd___ day of January, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.